# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DONALD LILLY,**
**Claimant Below, Petitioner**

**FILED**
**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-346**          (JCN: 2022004250)

**ALPHA METALLURGICAL RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald Lilly appeals the July 27, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Alpha Metallurgical Resources, Inc. ("Alpha") filed a response.[1] Mr. Lilly did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Lilly a 10% permanent partial disability ("PPD") award and instead granting him a 0% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 9, 2021, Mr. Lilly submitted an Employee's Report of Occupational Pneumoconiosis, documenting that he was exposed to occupational dust hazards during his employment from October 6, 1993, through June 4, 2020. A Physician's Report of Occupational Pneumoconiosis was signed by Daniel Doyle, M.D., on the same date, and documented that Mr. Lilly had a diagnosed impairment due to occupational pneumoconiosis ("OP"). Mr. Lilly previously underwent a chest x-ray on July 1, 2021, revealing simple pneumoconiosis category "s/p 0/1," with right and left peripheral pleural thickening. Dr. Doyle noted that Mr. Lilly's spirometry study performed on July 1, 2021, was normal, and the valid DLCO represented a mild reduction in diffusion.

The claim administrator issued an order dated September 2, 2021, which held the claim compensable for OP on a nonmedical basis and noted that Mr. Lilly was entitled to

---

[1] Mr. Lilly is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Alpha is represented by Alysia Kozlowski, Esq.

1

the presumption that any chronic respiratory disability resulted from his employment. In the OP Board's findings dated February 8, 2022, the OP Board opined that Mr. Lilly had a diagnosis of OP with a 10% pulmonary functional impairment. The OP Board found that Mr. Lilly had been exposed to an occupational dust hazard for 39 years with sufficient exposure to have caused OP or to have perceptibly aggravated preexisting OP. The claim administrator issued an order dated April 13, 2022, which awarded Mr. Lilly 10% PPD based on the OP Board's findings. Both parties protested the claim administrator's order.

On June 7, 2023, the OP Board testified at a final hearing regarding their findings. The OP Board testified that it examined Mr. Lilly on February 8, 2022, and that the diffusion and spirometry studies were valid and reproducible. The OP Board stated that Mr. Lilly's carboxyhemoglobin and hemoglobin levels were within normal limits on that date, and that the testing revealed 10% impairment. Jack L. Kinder, M.D., chairman of the OP Board, testified that a diffusion study from April revealed a 10% impairment as well. Dr. Kinder indicated that the diffusion study dated August 24, 2022, had an abnormal carboxyhemoglobin level, revealing that Mr. Lilly is anemic. According to Dr. Kinder, the August 24, 2022, diffusion study represented the best study of record. Dr. Kinder testified that the OP Board does not generally adjust for having too much blood, but it is common for the OP Board to adjust for anemia. Dr. Kinder explained that anemia affects a person's oxygen carrying capacity. The OP Board testified that, after adjusting for the abnormal hemoglobin level, Mr. Lilly's impairment related to OP was 0%.

On July 27, 2023, the Board issued an order reversing the claim administrator's order, which granted Mr. Lilly a 10% PPD award, instead granting him a 0% PPD award. The Board found that the OP Board was not clearly wrong in concluding that Mr. Lilly had 0% impairment related to OP. Mr. Lilly now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

2

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Lilly argues that the preponderance of the evidence establishes that he has more than 0% impairment due to OP. Mr. Lilly underwent testing with results that were valid and reproducible, revealing 10% impairment related to OP. For this reason, he argues that the Board should have found that the OP Board's findings were clearly wrong based on the medical evidence. We disagree.

In *Rhodes v. Workers' Comp. Div.*, 209 W. Va. 8, 17, 543 S.E.2d 289, 298 (2000), the Supreme Court of Appeals of West Virginia held that the party protesting the findings of the OP Board has the burden to establish that the OP Board was clearly wrong.

Here, the Board found that the OP Board was not clearly wrong, and, therefore, found that Mr. Lilly had 0% impairment related to OP.[2]

Upon review, we conclude that Mr. Lilly has failed to meet his burden of establishing that the OP Board was clearly wrong and, therefore, we cannot conclude that the Board erred in adopting the OP Board's recommendation. Further, we note that Mr. Lilly failed to cite any medical authority indicating that the OP Board should not have adjusted the impairment rating due to anemia. Thus, we find that the Board did not err in finding that Mr. Lilly has 0% impairment due to OP when adjusted for anemia.

Accordingly, we affirm the Board's July 27, 2023, order.

Affirmed.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr

---

[2] The Board's July 27, 2023, order lacked adequate analysis of the parties' arguments and the OP Board's findings; however, this Court agrees with the Board that Mr. Lilly has failed to establish that the OP Board's findings are clearly wrong in the instant case.